IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHARLES RILEY, | § | |
| | § | No. 547, 2018 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1703005932 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 19, 2019
Decided: March 25, 2019

Before **STRINE**, Chief Justice; **VAUGHN** and **SEITZ**, Justices.

### **O R D E R**

After consideration of the no-merit brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1)    In April 2017, the appellant, Charles Riley, was charged in a thirteen-count indictment with multiple drug and weapons-related charges. On July 30, 2018, Riley pleaded guilty to Drug Dealing (Cocaine, Tier 4), Aggravated Possession (Heroin, Tier 1), and Possession of a Firearm by a Person Prohibited. In exchange for Riley's guilty plea, the State dismissed the remaining charges.

(2)    In September 2018, following a presentence investigation, the Superior Court sentenced Riley as follows:   for Possession of a Firearm by a Person

Prohibited, as a habitual offender under 11 *Del. C.* § 4214(c), to fifteen years at Level V incarceration; for Drug Dealing, as a habitual offender under 11 *Del. C.* § 4214(a), to fifteen years at Level V incarceration (Key), suspended after two years for eighteen months at Level III probation; for Aggravated Possession, to fifteen years at Level V incarceration, suspended for fifteen years at Level IV DOC discretion, suspended after six months at Level IV for eighteen months at Level III probation. Riley's sentence was consistent with the sentencing recommendation made in connection with the guilty plea. This is Riley's direct appeal.

(3) Riley's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Riley's counsel asserts that, based upon a conscientious review of the record and the law, there are no arguably appealable issues. In his statement filed under Rule 26(c), counsel indicates that he informed Riley of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Riley of his right to submit points he wanted this Court to consider on appeal. Riley has not submitted any points for the Court's consideration. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(4) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made

2

a conscientious examination of the record and the law for arguable claims.[1]  This Court must also conduct its own review of the record and determine "whether the appeal is indeed so frivolous that it may be decided without an adversary presentation."[2]

(5)    The Court has reviewed the record carefully and concluded that Riley's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Riley could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:


/s/  James T. Vaughn, Jr.
Justice

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S.738, 744 (1967).
[2] *Penson*, 488 U.S. at 81.